IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| NICHOLAS P. WORRALL, | : | |
| Plaintiff, | : | Civil No. 11-3750 (RBK/JS) |
| v. | : | **OPINION** |
| CITY OF ATLANTIC CITY, et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of the City of Atlantic City ("Atlantic City") for summary judgment on the Section 1983 claims of Nicholas P. Worrall ("Plaintiff"). Plaintiff alleges that on September 5, 2010, security staff from the Dusk Nightclub and officers of the Atlantic City Police Department assaulted him without provocation. In response, Plaintiff filed suit against various parties, including the alleged assaulting police officer and Atlantic City. Atlantic City now moves for summary judgment on the claims against it, contending that Plaintiff has failed to name any policy or custom that caused him injury, much less demonstrate any "deliberate indifference" on the part of the city. In support of his claims, Plaintiff provided a "Record of Complaints" detailing (in chart form) over 20 citizen complaints against the officer in question spanning 2008 to 2011 and a portion of the Internal Affairs Report on one of the charted complaints. The temporal proximity of the complaints, coupled with their quantity, is sufficient to create a genuine issue of fact. However, Plaintiff has failed to produce any evidence

supporting the first three counts of the Amended Complaint. Accordingly, Atlantic City's motion for summary judgment is GRANTED IN PART, DENIED IN PART.

**I.     BACKGROUND**

Plaintiff and Atlantic City present starkly different accounts of the events giving rise to this litigation. As this is a motion for summary judgment, the Court will adopt Plaintiff's version for the purposes of this decision.[1]

Plaintiff alleges that he was assaulted both inside of an Atlantic City night club and afterward by the police in the early morning hours of September 5, 2010. Pl.'s Opp'n at 1 (citing Pl.'s Interrog.).[2] According to Plaintiff, he was first assaulted by two bouncers in a side elevator of the Dusk Nightclub. Id. After leaving the club, Plaintiff was allegedly approached by Officer Sterling Wheaton of the Atlantic City Police Department on the Boardwalk. Id. Plaintiff informed Officer Wheaton that he wanted to press charges. Id. Officer Wheaton then allegedly instructed Plaintiff to "do [him]self a big favor" and go in the ambulance that was waiting, as he was bleeding "profusely." Id. When Plaintiff insisted on going to the police station, he was allegedly detained by Officer Wheaton, but not placed under arrest. Id.

Plaintiff alleges that while he was in the patrol car, Officer Wheaton advised him that he had "made a big mistake" and that the officers were "going to mess [him] up real bad." Id. Soon thereafter, Plaintiff claims that Officer Wheaton instructed the other officer to pull over and began assaulting Plaintiff. Id. By the end of the incident, Officer Wheaton had allegedly struck Plaintiff in the face "between 15 and 20 times and then calmly got back into the front passenger

---

[1] Although the Court adopts Plaintiff's version of events, this adoption does not alter the disposition of the motion. Atlantic City's motion does not turn on what actually occurred during the morning of September 5, 2010. The city's motion hinges on whether Plaintiff's proffered evidence is sufficient to establish a genuine dispute as to Atlantic City's alleged deliberate indifference.

[2] Plaintiff's counsel submitted a certification in lieu of a formal opposition brief. Nevertheless, the Court will refer to the certification as Plaintiff's opposition brief.

2

seat . . . ." Id. Plaintiff alleges that he was again assaulted when they arrived at the police station. Id. at 2. Plaintiff was ultimately charged with resisting arrest and assaulting a police officer. Id. Plaintiff claims that he spent five nights in prison before being released on bail on September 10, 2010. Id.

Based on these alleged events, Plaintiff filed suit on June 30, 2011. In the Amended Complaint, Plaintiff alleges that Atlantic City deprived Plaintiff of his constitutional rights (Count I), confined and deprived him of his freedom and liberty (Count II), assaulted and beat Plaintiff (Count III) and negligently trained and failed to adequately supervise the defendant police officers (Count VIII). Atlantic City now moves to dismiss all pending claims against it. Plaintiff opposed dismissal of Count VIII but did not respond to Atlantic City's motion as to Counts I, II, and III.

## II. LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine dispute as to a material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony. Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F.Supp.2d 572, 575 (D.N.J.2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

The moving party bears the burden of establish the nonexistence of a "genuine issue." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy this burden by either "produc[ing] evidence showing the absence of a genuine issue of material fact" or by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 247 Fed. Appx. 353, 354 (3d Cir. Sept. 17, 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)).

**III. DISCUSSION**

In the first three counts, Plaintiff accuses Atlantic City of infringing on his constitutional rights, depriving him of his liberty, and beating him through the defendant officers. See Def.'s Preliminary Statement of Undisputed Facts ¶¶4-6.[3] According to the Supreme Court's holding in Monell v. Department of Social Services, 436 U.S. 658 (1978), Atlantic City—a municipality—can only be liable under § 1983 if Plaintiff proves the existence of a policy or custom that has resulted in a constitutional violation. See Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995). Plaintiff has failed to allege any policy or custom to support a claim for municipal liability in the first three counts, let alone provide any evidence to support the

---

[3] Plaintiff did not file a statement of undisputed material fact, as required by the Local Rules for the District of New Jersey. As a result, the Court will accept all facts in Atlantic City's Preliminary Statement of Undisputed Facts as true. See L. Civ. R. 56.1; see also Ullrich v. United States Secretary of Veterans Affairs, 457 Fed. Appx. 132 (3d Cir. 2012). This acceptance is of little import given that none of Atlantic City's proposed facts sway the outcome of the motion.

allegation. In fact, Plaintiff does not even address these three counts in his opposition to Atlantic City's Motion for Summary Judgment. Plaintiff attempts to impose liability on Atlantic City for the alleged conduct of Officer Wheaton. Under Section 1983, however, Atlantic City is responsible only for its *own* illegal acts. See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011). The city is "not vicariously liable under §1983 for [its] employees' actions." Id.; See also Bd. of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997) (collecting cases). Therefore, Atlantic City's motion for summary judgment is granted as to Counts I, II, and III.

Although the Court grants Atlantic City's motion as to the first three counts, the Court will deny Atlantic City's motion as to Count VIII. As previously indicated, to establish a Section 1983 municipal liability claim that will survive a motion for summary judgment, Plaintiff must offer evidence of a particular municipal policy or custom, "whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," that contributed to the injury of which Plaintiff now complains. See Monnell, 436 U.S. at 694. The plaintiff has the burden of showing that a government policymaker is responsible for the policy or custom. Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 250 (3d Cir. 2007). Custom, the avenue upon which Plaintiff relies, may also be established by evidence of knowledge and acquiescence. Beck v. Cty. of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). When a plaintiff's claims do not involve an allegation that the "municipal action itself violated federal law, or directed or authorized the deprivation of federal rights," the plaintiff "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." Brown, 520 U.S. at 407; see also Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 250 (3d Cir. 2007) ("We have also held that, at a minimum, the government must act with deliberate indifference to the purported constitutional deprivation in order to ground liability.")

The eighth count of the Amended Complaint alleges that Atlantic City negligently trained and failed to adequately supervise the defendant police officers. Am. Compl. ¶35. Specifically, Plaintiff alleges that Atlantic City was "deliberately indifferent to the violent propensities of its police officers including the individual officers named herein." Id. at ¶36. In support of this allegation, Plaintiff provided a "Record of Complaints" ("Record") which was maintained by Atlantic City and provided in discovery. The Record details the citizen complaints filed with the Atlantic City Police Department against Officer Wheaton. The chart features the date of each complaint, the name of the complainant, the type of complaint, case number, and disposition of the complaint. See Pl.'s Opp'n, Ex. A. Between September 19, 2008 and June 8, 2011, Officer Wheaton was the subject of twenty-one complaints. Id. Of the twenty-one, fifteen complaints are characterized as having involved either excessive force or some level of assault. See Id. Others are classified as involving harassment, standard of conduct, and improper search. See Id. Plaintiff also submitted the Atlantic City Police Department's Internal Affairs Report on the complaint of Vernon Kelly. Vernon Kelly similarly alleges that he was assaulted twice on September 5, 2010, first by Dusk Nightclub Security and later "by members of the Atlantic City Police Department in the elevator." Pl.'s Opp'n, Ex. B. at 2.

Although Plaintiff's evidence teeters on the border of insufficiency, Plaintiff has provided adequate support for Count VIII to withstand Atlantic City's motion for summary judgment. Plaintiff alleges that due to Atlantic City's "negligence and deliberate indifference to the need for supervision and control of its police officers," as evidenced by the numerous citizen complaints against Officer Wheaton, "the individually named officers herein expressed malicious, reckless, and indifferent violence towards plaintiff on the date in question." Am. Compl. ¶37. Atlantic City argues that because Plaintiff has only provided evidence of the alleged violent propensity of

one police officer, he cannot establish a custom by the municipality as a matter of law. See Def.'s Reply at 3. However, Atlantic City has provided no authority affirming such a proposition. Indeed, relevant Third Circuit precedent indicates multiple complaints against just one officer may suffice to establish a custom. See Beck v. Cty. of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). In Beck, the plaintiff asserted a claim for municipal liability against the City of Pittsburgh after being allegedly assaulted by a police officer. The plaintiff relied on five excessive force complaints within the past five years against the offending officer to demonstrate that the city had engaged in a "pattern of tacitly approving the use of force." Id. at 973.

The district court found that this evidence was insufficient to establish custom and granted the city's motion for judgment as a matter of law. The district court ruled: "Recitation of the number of complaints filed is not sufficient to prove a policy or custom. Policy or custom have to be established by knowledge and acquiescence. I think the absence of any of a less than meaningful investigation or less than meaningful response to complaints of excessive force is fatal." Id. at 973. The Third Circuit reversed, finding that "[w]ithout more, these written complaints were sufficient for a reasonable jury to infer that the Chief of Police of Pittsburgh and his department knew, or should have known, of Officer Williams' violent behavior in arresting citizens, even when the arrestee behaved peacefully, in orderly fashion, complied with all of the Officer's demands, and offered no resistance." Id. As in Beck, Plaintiff has provided a series of complaints against Officer Wheaton that is sufficient to infer a pattern of violent behavior and unlawful conduct. "Because the complaints . . . came in a narrow period of time and were of similar nature, a reasonable jury could have inferred that [an Atlantic City policymaker] knew, or should have known, of [Officer Wheaton's] propensity for violence . . . ." Id. at 974. The Court

finds no merit in Atlantic City's contention that Plaintiff failed to establish a department-wide pattern of past unlawful conduct. Plaintiff is not required to do so under the law.

Atlantic City also contends that Plaintiff has failed to demonstrate causation—in other words, that Atlantic City's deliberate indifference led to Plaintiff's injuries. Id. According to Atlantic City, "[o]nly one officer is named in Plaintiff's complaint and there are no facts suggested which would link the City to a policy or custom that lead to plaintiff's injuries. However, Plaintiff has provided sufficient evidence for a jury to find that Atlantic City's deliberate indifference contributed, at least in part, to Plaintiff's injuries. Under Plaintiff's narrative, policy makers were made aware of Officer Wheaton's "similar unlawful conduct in the past through the successive complaints, but failed to take precautions against future violations." Beck, 89 F.3d at 972. The evidence presented is sufficient to establish that Atlantic City was the "moving force" behind Plaintiff's injuries due to its failure to act despite prior notice.[4]

Atlantic City highlights several of the various ways in which Plaintiff could have bolstered his municipal liability claim. Yet the alternatives presented by Atlantic City are just that—methods that Plaintiff *could have* employed to strengthen his claim. They do not undermine the legitimacy of the evidence and arguments that Plaintiff *has* presented. Under Beck, Plaintiff's proffered evidence is sufficient create a genuine dispute of fact as to Atlantic City's alleged custom of acquiescing to Officer Wheaton's allegedly unlawful conduct.

---

[4] In an attempt to call attention to the deficiencies of Plaintiff's case, Atlantic City notes that Plaintiff failed to depose any other police officer responsible for his transportation on the evening of the alleged incident. See Def.'s Reply at 3. Atlantic City also emphasizes that Plaintiff did not produce any expert report on the police department's procedures, nor depose any witnesses that could testify as to Atlantic City's policies or practices. See Id. at 3-4. Although Plaintiff certainly could have provided such evidence to bolster his claim, its absence is not fatal at the summary judgment stage. Plaintiff provided sufficient evidence for the jury to draw the inference that despite knowledge of Officer Wheaton's conduct, Atlantic City failed to act and provided tacit approval. To the extent that Atlantic City argues that expert testimony is necessary to establish the inadequacy of the investigatory process, the Court similarly finds that "[i]t is not beyond the ken of an average juror to assess what a reasonable municipal policymaker would have done with the information in this case." Beck, 89 F.3d at 975-76.

Although the Beck plaintiff provided additional evidence and testimony at trial, the Court does not deem this dispositive of whether Plaintiff's municipal liability claim can survive summary judgment. Given the number of complaints against Officer Wheaton, the related subject matter, and relatively short time span within which the various complaints were filed, the Court finds that Plaintiff has presented sufficient evidence to create a triable issue of fact. Although all of the complaints were either "not sustained" or Officer Wheaton was deemed "exonerated," the Court finds, in accordance with Beck, that a jury could still infer knowledge and acquiescence and deliberate indifference. Therefore, the Court must deny this portion of Atlantic City's motion.

## IV. CONCLUSION

For the foregoing reasons, Atlantic City's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. The Court will grant the motion as to Counts I, II, and III and enter judgment in Atlantic City's favor. However, the Court will deny the motion as to Count VIII. An accompanying Order shall issue today.

Dated: 8/20/2013                                        /s/ Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge