NOT FOR PUBLICATION (Doc. No. 70)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NICHOLAS P. WORRALL, | |
| Plaintiff, | Civil No. 11-3750 (RBK/JS) |
| v. | **OPINION** |
| CITY OF ATLANTIC CITY, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the motion of City of Atlantic City and Sterling Wheaten ("Defendants") for reconsideration of the Court's August 20, 2013 Order. In the Order, the Court granted the motion of Defendants to enter Summary Judgment in Defendants' favor on Counts I, II, and III of Nicholas Worrall's ("Plaintiff's") complaint, and denied the motion of Defendants to enter Summary Judgment as to Count VIII of Plaintiff's complaint. Defendants now seek reconsideration as to Count VIII, arguing that the Court should correct a clear error of fact. Because Defendants have failed to satisfy the high standard required for reconsideration, Defendants' motion is **DENIED**.

**I.     BACKGROUND**

The Court provided a more detailed recital of the facts in its August 20, 2013 Opinion. Therefore, the Court will only provide a brief summary sufficient to resolve the instant motion.

Plaintiff alleges that he was detained by Officer Sterling Wheaton of the Atlantic City Police Department on September 5, 2010, after allegedly being assaulted by bouncers inside of a

nightclub.  Plaintiff alleges that he was assaulted by Officer Wheaton inside a patrol car when Wheaton and another officer pulled the car over while en route to the police station, and that he was assaulted again at the police station.  He was charged with resisting arrest and assaulting a police officer and alleged that he ultimately spent five nights in prison.  Based on these events, Plaintiff asserted Section 1983 claims for municipal liability against Officer Wheaton and the City of Atlantic City.  On August 20, 2013, the Court granted Defendants' Motion for Summary Judgment as to all of Plaintiff's § 1983 claims against the municipal defendants except for Count VIII, which alleged liability against Atlantic City for negligently training and failing to adequately supervise its police officers.

## II.   LEGAL STANDARD

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  Church & Dwight Co. v. Abbott Labs., 545 F. Supp. 2d 447, 449 (D.N.J. 2008).  That rule "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion."  NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996) (quoting local rule); see also United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (noting that party seeking reconsideration must show "that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision").  "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly."  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

In order to prevail on a motion for reconsideration, the moving party must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not

available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Local Civil Rule 7.1(i) does not allow parties to restate arguments that the Court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

### III. DISCUSSION

In support of Plaintiff's claim against Atlantic City for negligent training and supervision of police officers, Plaintiff relied on a number of complaints made against Officer Wheaton during his employment as a police officer. The Court observed in its opinion that twenty-one complaints existed, and that fifteen of the twenty-one were related either to excessive force or to assault. Defendant now correctly points out that those twenty-one complaints took place between September 19, 2008 and July 8, 2011. Since the events giving rise to plaintiff's suit took place on September 5, 2010, any complaints made after that date would not be relevant to show liability against the municipality. Excluding the later complaints, fourteen complaints were made against Officer Wheaton between September 19, 2008 and September 5, 2010. Of the fourteen, eleven involved allegations of excessive force or assault.

A change in the number of relevant complaints involving excessive force or assault from fifteen to eleven does not alter the outcome. To make out a prima facie § 1983 claim, if a municipal action does not violate federal law or authorize the deprivation of federal rights, a plaintiff "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." Bd. of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 407 (1997). The list of prior complaints was offered by Plaintiff in order to demonstrate that an issue of material fact existed as to the "deliberate indifference" issue. As this Court observed, the Third Circuit previously found that where five excessive force complaints had been filed

against a police officer over a period of five years, the "written complaints were sufficient for a reasonable jury to infer that the Chief of Police of Pittsburgh and his department knew, or should have known, of [the Officer's] violent behavior in arresting citizens . . . ." Beck v. Cty of Pittsburgh, 89 F.3d 966, 973 (3d Cir. 1996).  Whether the number of complaints against Officer Wheaton for excessive force and assault amount to fifteen in nearly three years or eleven in two years, the complaints, as in Beck, occurred "in a narrow period of time and were of a similar nature."  In fact, even considering Defendants' accurate correction to the number of relevant complaints relied on by Plaintiff, the number of complaints against Wheaton is still greater and the time period shorter than in Beck, where the Third Circuit held that "a reasonable jury could [infer a] . . . propensity for violence when making arrests." Id.  Even though all of the complaints were either determined to be "not sustained" or "administratively closed" by Internal Affairs, or Officer Wheaton was "exonerated," this Court must follow Circuit precedent and find that Plaintiff has met his burden of creating a triable issue of fact as to whether Atlantic City acted with "deliberate indifference."  Therefore, the Court will deny Plaintiff's motion for reconsideration.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**.  An accompanying Order shall issue today.


Dated:  9/9/2013                                                          /s/ Robert B. Kugler
                                                                                      ROBERT B. KUGLER
                                                                                      United States District Judge